**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

MICHAEL ANTONELLI
REG. #04053-164                                                                                          PLAINTIFF

V.                                      2:07CV00118 BSM/JTR

ALISON LUEKEFELD, RDAP
Coordinator, FCI, Forrest City, AR, et al.                                              DEFENDANTS

**ORDER**

On October 16, 2008, the Court issued an Order: (1) granting Plaintiff's Motion to Compel Defendants Tipton and Hellaire to respond to his June 21, 2008 Interrogatories; and (2) directing Defendants to file a Response explaining why sanctions should not be imposed against them, pursuant to Fed. R. Civ. P. 37(a)(5)(A). *See* docket entry #67. Defendants have timely filed their Response, and Plaintiff has filed a Statement of Costs. *See* docket entries #69 and #70.

Federal Rule of Civil Procedure 37(a)(5)(A) provides that:

> If the [a motion to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court *must not* order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) *other circumstances make an award of expenses unjust*.

(Emphasis added.)

In their Response, Defendants explain that "agency counsel" inadvertently failed to forward Plaintiff's Interrogatories to Defendants Tipton and Hellaire because he is suffering from transient global amnesia, atrial fibrillation, and insufficient heart function in his right ventricle.[1]  *See* docket entry #69.  Additionally, Defendants assert that Plaintiff has not suffered any prejudice because they have provided him with their Interrogatory Responses (pursuant to the Court's Order), and both sides have until January 2, 2009 to complete discovery.  *See* docket entries #61, #63, #64, and #69.  Finally, Defendants have assured the Court that they will provide Plaintiff with "any outstanding requested discovery in a timely manner."  *See* docket entry #69 at 2.  Given these circumstances, the Court concludes that an award of expenses would be "unjust," pursuant to Fed. R. Civ. P. 37(a)(5)(A)(iii).

IT IS THEREFORE ORDERED THAT the Rule 37(a)(5)(A) discovery sanctions WILL NOT be imposed upon Defendants at this time.

Dated this 5th day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Although Defendants' Response is somewhat ambiguous, it appears that "agency counsel" refers to an attorney for the Federal Bureau of Prisons and not the United States Attorney representing Defendants in this case.  *See* docket entry #69.