**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

MICHAEL ANTONELLI
REG. #04053-164                                                                                          PLAINTIFF

V.                              2:07CV00118 BSM/JTR

ALISON LUEKEFELD, RDAP
Coordinator, FCI, Forrest City, AR, et al.                                 DEFENDANTS

**ORDER**

There are two non-dispositive matters pending in this action. The Court will address each matter separately.

**I. Counsel for Plaintiff**

Plaintiff, who is currently confined in a federal halfway house in Chicago, Illinois, has commenced this *pro se* action alleging that Defendants violated his constitutional rights and the Federal Torts Claim Act when they retaliated against him for filing grievances while he was confined in the Federal Correctional Institution located in Forrest City, Arkansas.[1] *See* docket entries #6 and #102. Plaintiff (who has paid the filing fee in full) has requested a jury trial, and the parties have not consented to proceed before a United States Magistrate Judge. *See* docket entry #1. Further, the dispositive motion deadline has expired. *See* docket entry #61. Accordingly, the Court will notify the Honorable Brian S. Miller, United States District Judge, that this case is ready to be set on his docket for a jury trial.

Judge Miller's staff has informed the Court that this case will not be set for trial prior to Plaintiff's anticipated release in October of 2009. Thus, the Court hereby advises Plaintiff that, once

---

[1] Defendants have orally informed the Court that Plaintiff's anticipated release date from custody is October 13, 2009.

he is released from custody, it will be *his responsibility* to pay for and arrange his transportation to Arkansas for trial.

It is unclear whether appointment of counsel is appropriate in this case. Thus, Plaintiff will be given sixty days to file a Financial Affidavit, along with a prisoner trust fund calculation sheet, demonstrating whether he has sufficient funds to hire an attorney to represent him.[2] Additionally, Plaintiff must file a Statement containing: (1) the names of at least three lawyers he has asked to represent him in this matter; (2) the dates on which he spoke with each lawyer; and (3) the reasons given by each lawyer for declining to represent him. Importantly, if Plaintiff is successful in retaining an attorney, that attorney must file, before the expiration of the sixty-day deadline, an entry of appearance on Plaintiff's behalf. In contrast, if Plaintiff does not intend to pursue this action after his release from custody, he should promptly file a Motion for Voluntary Dismissal.

## II. Motion to Compel Discovery

Plaintiff has filed a Motion to Compel which is 140 pages long (including attachments). In this Motion, Plaintiff asserts that Defendants have not properly responded to numerous discovery requests. *See* docket entry #89. Defendants have filed a Response, and Plaintiff has filed a Reply. *See* docket entries #93 and #95. The Motion to Compel will be denied.

As pointed out by Defendants, a large portion of Plaintiff's Motion merely argues that Defendants' discovery responses are "evasive" or "incomplete." *See* docket entry #89. The Court believes that either retained or appointed counsel will be able to assist Plaintiff in completing discovery and, if necessary, preparing a proper Motion to Compel. Accordingly, Plaintiff's Motion

---

[2] Plaintiff must complete and sign the Financial Affidavit. In contrast, the prisoner trust fund calculation sheet must be completed and signed by an authorized prison/BOP official.

to Compel will be denied, at this time.

### III. Conculsion

IT IS THEREFORE ORDERED THAT:

1.     The Clerk shall send Plaintiff an AO-240 Application to Proceed Without Prepayment of Fees and Affidavit (which includes the prisoner trust fund calculation sheet) and relabel it as "Plaintiff's Financial Affidavit."

2.     Plaintiff shall file, **within sixty days of the entry of this Order,** a properly completed Financial Affidavit and a Statement containing the information specified herein.

3.     Plaintiff's Motion to Compel Discovery (docket entry #89) is DENIED.

Dated this 4th day of June, 2009.

_____
UNITED STATES MAGISTRATE JUDGE